COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-131-CV
NO.
2-02-132-CV
 
IN THE MATTER OF R.D.M.
 
------------
FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
R.D.M. appeals from the trial court's judgment adjudicating him delinquent
and the trial court's judgment modifying a prior delinquency judgment. In one
point, appellant contends that the trial court erred by admitting a photo spread
into evidence that contained the hearsay statement of the complainant. We will
affirm.
To preserve a complaint for our review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied,
526 U.S. 1070 (1999). When physical evidence is involved, an objection should be
made when the evidence is first displayed. Tex. R. App. P. 33.1(a); Griffin
v. State, 665 S.W.2d 762, 770 (Tex. Crim. App. 1983), cert. denied,
465 U.S. 1051 (1984). If the appellant can show no legitimate reason to justify
his failure to timely object, the objection is untimely and error is waived. Lagrone
v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522
U.S. 917 (1997).
In this case, Detective Linda Stewart testified regarding the victim's
identification of appellant from the photo spread she had prepared. She
testified that the victim picked out number five, appellant, and wrote her name,
the date, and a statement of how she knew him on the photo spread. When asked
what the victim wrote, Detective Stewart stated, "She wrote that he's the
one." Appellant objected to the statement as hearsay, and the trial court
sustained the objection. The State then offered the photo spread into evidence.
On the face of the photo spread, the victim had written "he is the one who
made me touch his penis." After the photo spread was tendered to appellant
for review, appellant responded, "No objections, Your Honor." As a
result, the trial judge admitted the photo spread into evidence. Again, the
State asked Detective Stewart what the victim wrote on the photo spread, and she
replied, "She wrote the date." Appellant objected on the basis of
hearsay, but the trial court overruled the objection.
Although appellant objected to the detective's testimony regarding what the
victim wrote on the photo spread, he did not object to the admission of the
photo spread containing the victim's statement. In addition, appellant presents
no argument as to why he failed to timely object. Therefore, he has waived his
right to complain about the admission of the photo spread on appeal.
Accordingly, we affirm the trial court's judgments.
 
                                                                       
PER CURIAM
 
PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.
[Delivered March 6, 2003]

1. See Tex. R. App. P. 47.4.